GENERAL TELEPHONE CO. OF OHIO, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as General Telephone Co. v. Pub. Util. Comm. (1976), 46 Ohio St. 2d 281.]

(No. 75-1094—Decided May 26, 1976.)

*Messrs. Power, Jones & Schneider, Mr. John Robert Jones* and *Mr. Andrew T. Jones*, for appellant.

*Mr. William J. Brown*, attorney general, *Mr. Charles S. Rawlings, Mr. Marvin I. Resnik* and *Mr. Ronald E. Prater*, for appellee.

*Per Curiam.* The central issue presented is whether the commission erred in determining that a 7.14 percent rate of return was fair and reasonable. Specifically, appellant contends that the methods used to arrive at this rate were improper.

In finding that a 7.14 percent rate of return was allowable, the commission noted the recommendations of the witnesses, but found further analysis of their positions to be unnecessary. Instead, it relied primarily on the fact that appellant had previously been granted a rate increase for its service areas which had resulted in a 7.14 percent rate of return. General Telephone Company of Ohio, case No. 72-1038-Y (January 31, 1975). Although that case did not involve the territory which is the subject of this appeal,' the commission submits that R. C. 4909.15 prohibits it from allowing discriminatory or preferential rates and that approval of a rate of return herein in excess of the 7.14 percent granted in case No. 72-1038-Y would violate that proscription.

R. C. 4909.15 states, in pertinent part:

"When the Public Utilities Commission is of the opin-

---

'As noted in the above statement of facts, appellant's application for a rate increase in case No. 72-1038-Y occurred before it merged with Northern Ohio Telephone Company and acquired the service area involved in this case.

ion, after hearing, that any rate, fare, charge, toll, rental, schedule, classification, or service, or any joint rate, fare, charge, toll, rental, schedule, classification, or service rendered, charged, demanded, exacted, or proposed to be rendered, charged, demanded, or exacted, is, or will be, unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law * * * the commission shall * * * fix and determine the just and reasonable rate, fare, charge, toll, rental, or service to be rendered, charged, demanded, exacted, or collected for the performance or rendition of the service, and order such just and reasonable rate, fare, charge, toll, rental, or service to be substituted for the existing one. * * *"

Clearly, R. C. 4909.15 requires that the commission not allow rates which are unjustly discriminatory or preferential. R. C. 4905.33 and 4905.35[2] supplement that duty by, in effect, prohibiting differences in rates which are charged to subscribers receiving the same service under similar circumstances and conditions. As can be seen, however, R. C. 4909.15 proscribes discriminatory rates, but does not prohibit a variance in the rate of return for different service areas of one company.[3]

Decisions of this court and of the commission illustrate that the rate of return often differs between various areas of a single utility company. In *Columbus* v. *Pub. Util.*

---

[2]R. C. 4905.33 states, in part:

"No public utility shall directly or indirectly, or by any special rate * * * charge, demand, collect, or receive from any person, firm, or corporation a greater or lesser compensation for any services rendered, or to be rendered * * * than it charges, demands, collects, or receives from any other person, firm or corporation for doing a like and contemporaneous service under substantially the same circumstances and conditions. * * *"

R. C. 4905.35 provides:

"No public utility shall make or give any undue or unreasonable preference or advantage to any person, firm, corporation, or locality, or subject any person, firm, corporation, or locality to any undue or unreasonable prejudice or disadvantage."

[3]As a practical matter, parity in the rates of return in different areas of a single company is extremely unlikely.

*Comm.* (1960), 171 Ohio St. 38, 167 N. E. 2d 769, the commission approved, and this court affirmed, a differential in rates of return between the city of Columbus and the unincorporated areas of the county, even though both were served by Columbus & Southern Ohio Electric Company. Similarly, in Columbus & Southern Ohio Electric Company, case Nos. 72-903-Y and 73-841-Y (September 4, 1974), the commission approved an 8.55 percent rate of return for the city of Columbus, while authorizing a 7.77 percent rate of return for electric service to 25 counties.

A series of cases involving Columbia Gas of Ohio, Inc., also reflect the fact that the commission often permits differing rates of return for various service areas of the same company. See Columbia Gas of Ohio, case No. 36,973 et al. (May 7, 1973); Columbia Gas of Ohio, case No. 71-461-Y et al. (December 28, 1973); and Columbia Gas of Ohio, case No. 73-454-Y et al. (July 8, 1975).

Additionally, the commission considered evidence presented by its staff witness, Mr. Rothey, as corroborative of the reasonableness of a 7.14 percent rate of return. Appellant asserts that insofar as Mr. Rothey's analysis included a reduction of the cost of the equity portion of the rate base, it contravenes decisions of this court requiring the rate of return to be related to the statutory rate base.

In his testimony before the commission, Mr. Rothey indicated that an investor in the common stock of a company comparable to appellant would want a 12 percent rate of return on his investment. However, because he believed the Ohio rate base law provides a "hedge against inflation," he reduced that figure by 5 percent and then made an upward adjustment of 1-2 percent to "compensate for losses resulting from revaluing a rate base as infrequently as every five years." Mr. Rothey concluded from these adjustments that an appropriate cost of equity for establishing a rate of return would be between 8 and 9 percent.

Use of this analysis in determining the required return for the equity portion of the rate base was recently rejected in *Cleveland Elec. Illuminating Co.* v. *Pub. Util. Comm.* (1975), 42 Ohio St. 2d 403, 330 N. E. 2d 1.

In view of the above, it is our opinion that the commission's application of the 7.14 percent rate of return previously determined in General Telephone Company of Ohio (January 31, 1975), *supra*, to the service area involved in this case, was improper.

Having examined the evidence before the commission, we find that an 8.57 percent rate of return sought under appellant's proposed rate schedules is not unjustly discriminatory and is supported by the record.

Therefore, the order of the commission is reversed and the cause remanded for a determination of rates based upon a rate of return of 8.57 percent.

*Order reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.